## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JAMES GREEN,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 1:23-CV-1006-DII-SH** |
| **TRACY YOUNG, JULIE** | § | |
| **TORKELSON, and TITLEMAX OF** | § | |
| **TEXAS** | § | |
| *Defendants* | § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DISTRICT COURT**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and Complaint (Dkt. 1), both filed August 25, 2023, and Plaintiff's Supplement to Application, filed September 18, 2023 (Dkt. 5). The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for cases assigned to Austin Docket II. Dkt. 3.

### I.      Motion to Proceed *In Forma Pauperis*

Plaintiff James Green, who is proceeding *pro se*, seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application to Proceed *In Forma Pauperis* and supplemental affidavit, the Court finds that Green is indigent. Accordingly, the Court hereby **GRANTS** him *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefore pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the

allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Green is further advised that although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.     Frivolousness Review Under Section 1915(e)(2)

Because Green has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under Section 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). Additionally, the Court must "liberally construe[]" a *pro se* litigant's pleadings, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Green alleges that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* Dkt. 1 at 3. Green alleges that he visited a location of Defendant Titlemax of Texas, Inc. on September 8, 2022, where a representative "submitted a loan" on Green's behalf without his knowledge. *Id.* He also alleges that there were "hidden fees" not explained in the Truth in Lending Disclosure provided to him. *Id.* The Truth in Lending Act requires lenders to inform potential borrowers of the "finance charge," which includes, among other things, a "[l]oan fee, finder's fee, or similar charge." 15 U.S.C. § 1605(a)(3). Construing Green's complaint liberally, the Court finds that Green has pleaded a failure by Titlemax to disclose part of the "finance charge" as required by the Truth in Lending Act. 15 U.S.C. §§ 1605(a), 1638(a)(3). Because Green's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness as to Defendant Titlemax, the Court does not recommend dismissal of this case under Section 1915(e)(2)(B).

Regarding Defendants Tracy Young and Julie Torkelson, the CEO and CFO of Titlemax, respectively, Green alleges that he "sent certified letters and a copy of the contract to Mr. Young and Mrs. Torkelson" stating that he did not agree to the loan, but they did not respond. Dkt. 1 at 3. Green does not allege that Young and Torkelson were involved in the initial failure to disclose or any other specific actions by Young and Torkelson. *Id.* Because he has not alleged a basis for individual liability, Green has failed to state a claim on which relief may be granted against Young and Torkelson. *See Anderson v. Bank of Am., N.A.*, No. H-13-1295, 2014 WL 12587072, at *3 (S.D. Tex. Jan. 27, 2014), *R. & R. adopted*, 2014 WL 12587073 (S.D. Tex. Feb. 25, 2014) (recommending dismissal of claim against CEO because there was no allegation he was "personally involved" in alleged wrongdoing or "personally violated any of the statutes or treaties" relied on by the plaintiff). The Court recommends that the District Court dismiss the claims against the individual defendants under Section 1915(e)(2)(B).

### III.  Order and Recommendation

For these reasons, the Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and **ORDERS** the Complaint (Dkt. 1) to be filed without prepayment of fees or costs or giving security therefore under 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk issue summons as to Defendant Titlemax of Texas, Inc. and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff James Green's claims against Defendants Tracy Young and Julie Torkelson under 28 U.S.C. § 1915(e)(2)(B).

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable District Court.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 10, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE