IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES GREEN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 1:23-cv-1006-DII-SH |
| | § | |
| TMX FINANCE OF TEXAS, INC. | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S MOTION TO LIFT STAY, APPLICATION TO CONFIRM FINAL ARBITRATION AWARD, AND MOTION FOR ENTRY OF FINAL JUDGMENT

Defendant TMX Finance of Texas, Inc. ("TitleMax") files file this Motion to Lift Stay, Application to Confirm Arbitration Award, and Motion for Entry of Final Judgment and, in support, respectfully shows the following:

**BACKGROUND**

1. As the Court is aware, TitleMax moved to compel Plaintiff's claims to arbitration on November 29, 2023 based on the mandatory arbitration clause in the parties' Loan Agreement, Promissory Note and Security Agreement ("Contract") upon which Plaintiff's allegations were based.[1] Plaintiff filed a response to TitleMax's motion to compel on December 20, 2023.[2]

2. A true and correct copy of the Contract containing the Arbitration Agreement is attached hereto as **Exhibit A**. The Contract provides that the FAA governs the Arbitration Agreement.

3. On February 2, 2024, this Court issued its Order compelling arbitration ("Order").[3]

---

[1] Dkt. 17.
[2] Dkt. 19 at 2–3.
[3] Dkt. 22.

4. In the Order, the Court found that a valid arbitration agreement exists between the parties and that all of Plaintiff's claims fall within the scope of the arbitration agreement.[4] The Court therefore compelled all of Plaintiff's claims against TitleMax to arbitration and stayed Plaintiff's claims in this case pending arbitration.[5]

5. Plaintiff filed a demand for arbitration with the Judicial Arbitration and Mediation Services (JAMS) on March 27, 2024, initiating JAMS Reference No. 5340000934. TitleMax filed an answering statement to Plaintiff's demand on April 12, 2024.

6. The Honorable Michael Massengale (Former) was appointed as Arbitrator. Judge Massengale held a Final Hearing on November 6, 2024, at which both parties appeared and were heard. On November 11, 2024, Judge Massengale issued his Final Award, concluding the arbitration. A true and correct copy of the Final Award is attached hereto as **Exhibit B**.

7. The Final Award provides that Plaintiff take nothing on all of his claims against TitleMax.[6]

8. During the arbitration hearing, Plaintiff made reference to a power of attorney document, which Judge Massengale declined to consider because it "was not timely identified as a hearing exhibit in accordance with scheduling orders issued in this dispute."[7]

9. On November 13, 2024, Plaintiff filed a purported Durable Power of Attorney with this Court.[8] The document filed by Plaintiff purports to have been executed and notarized on November 12, 2024—the day after Judge Massengale issued his Final Award.[9]

---

[4] *Id.* at 4–5.
[5] *Id.* at 6.
[6] Exh. B.
[7] *Id.* at 3.
[8] Dkt. 35.
[9] *Id.* at 4–5.

2

10. On November 18, 2024, Plaintiff filed a "Notification of Arbitration Completion," in which he acknowledges the completion of the arbitration but asserts that "the issues were not fully resolved due to complications arising from the late filing of a Durable Power of Attorney (DPOA)."[10]

## ARGUMENT AND AUTHORITIES

11. The Court's stay of this case, which was issued for the purpose of allowing the parties to complete arbitration,[11] is no longer necessary because the arbitration has concluded. TitleMax therefore respectfully requests that the Court lift the stay for purpose of granting TitleMax the relief to which it is entitled.

12. The FAA requires that trial courts grant a request to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of the [FAA]." 9 U.S.C. § 9.

13. A confirmation proceeding under Section 9 of the FAA is intended to be summary, and a court may deny confirmation only if an award has been corrected, vacated, or modified under the FAA. *See In re Arbitration Between TransChemical Ltd. & China Nat. Mach. Imp. & Exp. Corp.,* 978 F. Supp. 266, 303 (S.D. Tex. 1997), *aff'd*, 161 F.3d 314 (5th Cir. 1998). The summary procedure used to confirm an award is modeled after federal motion practice. *See id.*

14. Here, TitleMax has provided the Court with all necessary items to facilitate a confirmation. *See* 9 U.S.C. §13 (requiring the arbitration agreement, the award, and other papers regarding other applications, if any, to confirm, modify, or correct the award).[12]

15. Plaintiff has not moved to vacate, modify, or correct the Final Award under 9 U.S.C. §§ 10 or 11, nor do grounds to do so exist.

---

[10] Dkt. 36 at 1.
[11] Dkt. 22 at 6
[12] Exh. A (Arbitration Agreement); Exh. B (Final Award).

3

16. There is no evidence that the Final Award was procured by corruption, fraud, or undue means, that there was evident partiality or corruption in the arbitrator, that the arbitrator was guilty of misconduct in refusing to postpone the hearing or in refusing to hear evidence pertinent and material to the controversy, or that the arbitrator exceeded his powers. *See* 9 U.S.C. § 10(a).

17. Plaintiff appears to complain about Judge Massengale's refusal to consider Plaintiff's purported durable power of attorney but, as Judge Massengale explained in his Final Award,[13] that purported document was not timely disclosed pursuant to the scheduling order in the arbitration. Moreover, it does not appear that it was even in existence at the time of the hearing. The power of attorney Plaintiff filed in this Court was executed nearly a week after the Final Hearing was completed.[14] Finally, even if it had been in existence, it is neither pertinent nor material to Plaintiff's claims.

18. There is similarly no evidence that there was an evident material miscalculation of figures or evident material mistake in the description of any person, thing, or property referred to in the Final Award, that the Final Award was made upon a matter not submitted to the arbitrator, or that the Final Award is imperfect in matter of form. *See* 9 U.S.C. § 11.

19. Pursuant to 9 U.S.C. § 9, TitleMax has brought this action within one year after the Final Award was made on November 11, 2024.

20. Accordingly, TitleMax respectfully requests that the Court enter an order confirming the Final Award in all respects and granting final judgment for TitleMax that Plaintiff take nothing on all of his claims.

## CONCLUSION AND PRAYER

For the foregoing reasons, TitleMax respectfully requests that this Court:

---

[13] Exh. B at 3.
[14] Dkt. 35 at 4–5.

(a) Lift the stay currently in place;

(b) Issue an order pursuant to 9 U.S.C. § 9 confirming the Final Arbitration Award of the Arbitrator in this action;

(c) Enter Final Judgment thereon pursuant to 9 U.S.C. § 13; and

(d) Grant any other and further relief as the Court deems just and proper.

Dated: November 22, 2024.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*/s/ Jared C. Lampson*
David D. Hornbeak
State Bar No. 24106113
david.hornbeak@hklaw.com
811 Main Street, Suite 2500
Houston, TX 77002
Telephone: 713-821-7000
Facsimile: 713-821-7001

Jared C. Lampson
State Bar No. 24120960
jared.lampson@hklaw.com
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701
Telephone: 512-954-6536
Facsimile: 512-472-7473

**ATTORNEYS FOR DEFENDANT TMX FINANCE OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents was served by the Court's CM/ECF system to all parties who have appeared of record, as well as mailed to the plaintiff at the address below, on November 22, 2024.

James Green
4410 Sooner St., Lot 31
Austin, TX 78734

*/s/ Jared C. Lampson*
Jared C. Lampson