IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES GREEN, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:23-CV-1006-DII |
| TMX FINANCE OF TEXAS, INC., | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant TMX Finance of Texas, Inc.'s ("Defendant") Motion to Lift Stay, Application to Confirm Final Arbitration Award, and Motion for Entry of Final Judgment. (Dkt. 37). Plaintiff James Green ("Plaintiff") filed a response in opposition. (Dkt. 41). Also before the Court are two motions by Plaintiff to lift the stay and proceed with court proceedings due to new evidence. (Dkts. 38, 40). Defendant filed a response in opposition to Plaintiffs' motions. (Dkt. 39). Having considered the parties' briefs, the record, and the relevant law, the Court will deny Plaintiffs' motions and grant Defendant's motion for entry of final judgment.

Plaintiff, proceeding *pro se*, filed his original complaint in this case on August 25, 2023, (Dkt. 1), and an amended complaint on November 13, 2023, (Dkt. 13). Plaintiff alleges that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. (Am. Compl., Dkt. 13, at 2–3). On November 29, 2023, Defendant filed a motion to compel arbitration based on an arbitration clause in the parties' contract. (Dkt. 17). On February 2, 2024, the Court entered an order granting Defendant's motion to compel arbitration. (Order, Dkt. 22). The Court found that a valid arbitration agreement exists between the parties and that all of Plaintiff's claims fall within the scope of the arbitration agreement. (*Id.* at 4–5). The Court accordingly compelled arbitration and stayed the case pending arbitration. (*Id.*).

1

On March 27, 2024, Plaintiff filed a demand for arbitration with the Judicial Arbitration and Mediation Services ("JAMS"), and the Honorable Michael Massengale was appointed as Arbitrator. (Dkt. 37, at 2). In September 2024, Plaintiff filed various motions to stay the arbitration and amend his complaint in this Court. (*See* Dkts. 26, 27, 28). On October 11, 2024, the Court denied these motions, finding them to be nothing more than a retreading of Plaintiff's arguments opposing Defendant's motion to compel arbitration. (Order, Dkt. 32, at 2). The Court instructed Plaintiff that he must pursue his claims through the arbitration proceeding. (*Id.*).

In the arbitration, Judge Massengale held a Final Hearing on November 6, 2024, at which both parties appeared and were heard. On November 11, 2024, Judge Massengale issued his Final Award, concluding the arbitration. (*Id.*). The Final Award provides that Plaintiff take nothing on all his claims against Defendant. (Final Award, Dkt. 37-2, at 6). The Final Award also states that Defendant is not entitled to recover attorneys' fees and costs of defense. (*Id.*). Defendant now moves the Court to lift the stay in the case for the purpose of confirming the Final Award and entering final judgement pursuant to the Final Award. (Dkt. 37, at 5). In response, Plaintiff objects to the entry of final judgment based on the Final Award because he alleges that he has discovered new evidence relevant to this case. (Dkt. 41, at 1). Plaintiff separately moves the Court to lift the stay and allow this case to proceed in this Court based on this alleged evidence. (Dkts. 38, 40).

The Federal Arbitration Act ("FAA") requires that trial courts grant a request to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of the [FAA]." 9 U.S.C. § 9. A confirmation proceeding under Section 9 of the FAA is intended to be summary, and a court may deny confirmation only if an award has been corrected, vacated, or modified under the FAA. *See In re Arbitration Between TransChemical Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 303 (S.D. Tex. 1997), *aff'd*, 161 F.3d 314 (5th Cir. 1998).

2

The Court has already determined that a valid arbitration agreement governs this case and that all of Plaintiff's claims fall within the scope of the arbitration agreement. (Order, Dkt. 22, at 4–5). Plaintiff's motions are nothing more than yet another attempt to circumvent arbitration and delay the final resolution of this case. In his first motion, Plaintiff falsely claims that "no arbitration award was rendered," (Dkt. 38, at 1), despite him having sent the Final Award to the Court in a filing labeled, "Notification of Arbitration Completion," a week earlier, (*see* Dkt. 36). In his second motion, Plaintiff requests that the Court allow him to plead new counts against Defendant and allow the case to proceed due to newly discovered evidence. (Dkt. 40). However, because the Court compelled arbitration in this case, Plaintiff was required to present all relevant evidence during the arbitration proceeding. That proceeding has now ended, and Plaintiff has not moved the Court to vacate, modify, or correct the Final Award under 9 U.S.C. §§ 10 or 11. Nor do grounds to do so exist. There is no evidence that the Final Award was procured by corruption, fraud, or undue means, that there was evident partiality or corruption in the arbitrator, that the arbitrator was guilty of misconduct in refusing to postpone the hearing or in refusing to hear evidence pertinent and material to the controversy, or that the arbitrator exceeded his powers. *See* 9 U.S.C. § 10(a). Accordingly, the Court will deny Plaintiffs' motions and grant Defendant's motion to confirm the Final Award and enter final judgment pursuant to it.

For these reasons, **IT IS ORDERED** that Plaintiffs' motions to lift stay and proceed with Court proceedings, (Dkts. 38 and 40), are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Lift Stay, Application to Confirm Final Arbitration Award, and Motion for Entry of Final Judgment, (Dkt. 37), is **GRANTED**.

**IT IS FURTHER ORDERED** that the stay in this case is hereby **LIFTED**.

**IT IS FURTHER ORDERED** that the Final Award issued on November 11, 2024 in the matter of Green v. TMX Finance of Texas, Inc. before JAMS arbitration service, bearing the Reference No. 5340000934, (Dkt. 37-2), is **CONFIRMED**.

The Court will enter final judgment by separate order.

**SIGNED** on December 9, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE